FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 10, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANA WILKINSON, | No. 4:24-CV-05099-MKD |
| Plaintiff, | ORDER GRANTING STIPULATED PROTECTIVE ORDER |
| v. | |
| THE INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 280, | |
| Defendant. | |

The parties have submitted a proposed Stipulated Protective Order to the Court.  ECF No. 12-1.  The Court finds good cause under Fed. R. Civ. P. 26(c) to issue an order to protect certain categories of information produced by a party in discovery in this matter to prevent annoyance, embarrassment, oppression, or undue burden or expense.

Accordingly, **IT IS HEREBY ORDERED**:

1.     The parties' stipulated request for a protective order is **GRANTED**.

ORDER - 1

# PROTECTIVE ORDER

## 1.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this agreement is consistent with LCR 26(c).[1]  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## 2.  "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

(a) Patient and employee medical and/or counseling records;

(b) Any party's financial information or tax records;

---

[1] The Court notes that this reference is to the Western District of Washington's local rules.  The Eastern District of Washington does not have local rules regarding protective orders.

(c) Non-party personnel files, including but not limited to home addresses, dates of birth, social security numbers, emergency contacts and their identifying information, medical information, sick leave and related medical information, and performance records;

(d) Documents that describe, contain or disclose internal and non-public information pertaining to either party, such as patient information, intellectual property, financial information, and trade secrets.

## 3.  SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

## 4.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the

party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who acknowledged they will treat Confidential material as confidential consistent with this Protective Order, and subsequently sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the information.

4.3    <u>Filing Confidential Material</u>.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

Notwithstanding the above, if a party does not have time to confer with the designating party prior to the deadline for a filing, the filing party shall take reasonably timely steps to give notice to the designating party of the submitting party's intention to file or use the Confidential Material, including specific identification (by reference to Bates number or other identifier) of the Confidential Material. The submitting party will file all Confidential Material under seal, and the Designating Person may then file a motion to seal, pursuant to this Court's rules.

## 5. DESIGNATING PROTECTED MATERIAL

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development

process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this agreement (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial proceedings: The parties and any participating non-parties must identify on the record,

during the deposition or other pretrial proceeding, all protected

testimony, without prejudice to their right to so designate other

testimony after reviewing the transcript.  Any party or non-party may,

within fifteen days after receiving the transcript of the deposition or

other pretrial proceeding, designate portions of the transcript, or

exhibits thereto, as confidential.  If a party or non-party desires to

protect confidential information at trial, the issue should be addressed

during the pre-trial conference.

(c) <u>Other tangible items</u>: The producing party must affix in a prominent

place on the exterior of the container or containers in which the

information or item is stored the word "CONFIDENTIAL."  If only a

portion or portions of the information or item warrant protection, the

producing party, to the extent practicable, shall identify the protected

portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

failure to designate qualified information or items does not, standing alone, waive

the designating party's right to secure protection under this agreement for such

material.  Upon timely correction of a designation, the receiving party must make

reasonable efforts to ensure that the material is treated in accordance with the

provisions of this agreement.

ORDER - 8

## 6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    <u>Judicial Intervention</u>.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule

ORDER - 9

5(g), if applicable).[2]   The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and

---

[2] Again, the Court notes that this reference is to the Western District of Washington's local rules.  The Eastern District of Washington does not have local rules regarding protective orders.

(c) cooperate with respect to all reasonable procedures sought to be

pursued by the designating party whose confidential material may be

affected.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

## 10.NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of the file, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

1    **IT IS SO ORDERED.**  The District Court Executive is directed to file this

2    order and provide copies to the parties.

3         DATED October 10, 2024.

                                 s/Mary K. Dimke
4                               MARY K. DIMKE
                          UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER - 13

1
2
3
4

**EXHIBIT A**

5

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

6    I, _____ [print or type full name], of

7    _____ [print or type full address], declare

8    under penalty of perjury that I have read in its entirety and understand the

9    Stipulated Protective Order that was issued by the United States District Court for

10   the Eastern District of Washington on _____, 2024 in the case of Rana

11   Wilkinson v. International Union of Operating Engineers, No. 4:24-CV-05099-

12   MKD.

13        I agree to comply with and to be bound by all the terms of this Stipulated

14   Protective Order and I understand and acknowledge that failure to so comply could

15   expose me to sanctions and punishment in the nature of contempt.  I solemnly

16   promise that I will not disclose in any manner any information or item that is

17   subject to this Stipulated Protective Order to any person or entity except in strict

18   compliance with the provisions of this Order.

19        I further agree to submit to the jurisdiction of the United States District

20   Court for the Eastern District of Washington for the purpose of enforcing the terms

ORDER - 14

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

DATED: _____

SIGNATURE _____

PRINTED NAME _____

CITY AND STATE WHERE SWORN/SIGNED ____